## IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**BEN-SHALOM YISRAEH-BENYAHWEH**
**a/k/a DONNIE J. JACKSON, JR.,**
**D.O.C. # 083419**

      **Plaintiff,**

**vs.**                                          **Case No.  4:21cv121-TKW-MAF**

**FLORIDA GOVERNOR, et al.,**

      **Defendants.**

_____/

### AMENDED REPORT AND RECOMMENDATION

The pro se Plaintiff initiated this case in March 2021.  ECF Nos. 1-2.
However, because Plaintiff submitted an insufficient in forma pauperis
motion, ECF No. 3, he was required to file an amended in forma pauperis
motion and an amended complaint or, in the alternative, pay the filing fee to
proceed with this case.  ECF No. 5.  To be clear, Plaintiff acknowledged
that he was "a 3 strike pro se litigant."  ECF No. 2 at 1.  Yet his complaint
was not brought against any correctional officer from whom Plaintiff alleged
he was in imminent danger.  Rather, Plaintiff complained only about the
violation of his First Amendment right to artistic expression.  ECF No. 1 at

7.  Therefore, Plaintiff was informed that § 1915(g) prohibited him from filing a civil lawsuit without full prepayment of the filing fee unless he was facing "imminent danger of serious physical injury."  ECF No. 5 at 4 (quoting 28 U.S.C. § 1915(g)).  Plaintiff was clearly on notice that he could not be granted in forma pauperis status "absent factual allegations within a complaint that he faces imminent danger."  *Id.*  That Order advised Plaintiff that if he was "unable to demonstrate that he faces imminent danger, he must pay the full amount of the filing fee."  *Id.*

Several more Orders were subsequently entered which also advised Plaintiff of the steps he must take to continue this case.  ECF Nos. 7, 10, and 14.  Plaintiff was warned that if he did not comply, a recommendation would be made to dismiss this case.  ECF Nos. 7, 10, and 14.  As of May 18, 2021, when he had failed to comply by the April 29, 2021, deadline, a recommendation was made to dismiss this case for failure to prosecute.  ECF No. 17.

Recently, however, Plaintiff filed a motion for leave to proceed in forma pauperis.  ECF No. 21.  That motion includes a signed Prisoner Consent Form, *Id.* at 1-2, and a copy of his inmate bank account for a six month period of time.  ECF No. 21 at 6.  What Plaintiff has not provided is

an amended complaint as required.  His original complaint alleged only that he was not permitted to draw "black lives matter" art in violation of the First Amendment.  ECF No. 1.  That assertion does not fulfill the imminent danger exception of § 1915(g).  Accordingly, this Amended Report and Recommendation supersedes the prior Report and Recommendation, ECF No. 17.

Judicial notice is taken that Plaintiff previously filed case number 5:18cv125-MCR-GRJ, which was dismissed on August 24, 2018, for failure to exhaust administrative remedies.  ECF Nos. 15-16 of that case.  Failure to exhaust available administrative remedies is the functional equivalent to failing to state a claim and, thus, should be counted as a strike under 28 U.S.C. § 1915(g).  *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (stating that "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted"); *see also* Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 920, 166 L. Ed. 2d 798 (2007) (noting that "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief"); Anderson v. Donald, 261 F. App'x 254, 255 (11th Cir. 2008) (noting that although "exhaustion is not a pleading

requirement," that "is not to say that failure to exhaust cannot be the basis for dismissal for failure to state a claim").

In addition, Plaintiff filed case number 3:01cv129-LC in this Court. That case was dismissed on July 13, 2001, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  ECF Nos. 16-17 of that case.  Such a dismissal also counts as a "strike" under 28 U.S.C. § 1915(g).[1]

Third, Plaintiff[2] filed case number 3:98cv225-RV which was dismissed on June 30, 1999, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Such a dismissal counts as Plaintiff's third "strike" under 28 U.S.C. § 1915(g).

In light thereof, Plaintiff's motion for in forma pauperis status, ECF No. 21, should be denied because Plaintiff has not presented factual allegations in a complaint to demonstrate he is in imminent danger. Plaintiff has "three strikes" and, as such, he is not entitled to proceed with

---

[1] The statute states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

[2] The Court has confirmed by reference to the inmate number that those cases were filed by Plaintiff Donnie J. Jackson, inmate # 083419, who is the same person who brought this case under the name Ben-Shalom Yisraeh-Benyahweh.

Case No. 4:21cv121-TKW-MAF

in forma pauperis status in a case alleging a First Amendment claim unless he pays the full $400.00 filing fee at the time of case initiation.  <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit).  "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status."  *Id.*

## **<u>RECOMMENDATION</u>**

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 21, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and this case be **DISMISSED without prejudice** to Plaintiff's refiling this action if he simultaneously submits the $402.00 filing fee.  It is also **RECOMMENDED** that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this

cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on June 4, 2021.


S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**



## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**